**Alan E. CELMER**

v.

**LUDEN'S, INC. and Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 429.**

**Civ. A. No. 76–3811.**

United States District Court, E. D. Pennsylvania.

March 7, 1977.

---

S. D. Kline, Jr., Reading, Pa., for plaintiff.

John M. Stott, Austin, Speicher, Boland, Connor & Giorgi, Reading, Pa., for defendants.

## MEMORANDUM

TROUTMAN, District Judge.

Petitioner, Alan E. Celmer, (petitioner) an employee of respondent, Luden's, Inc. (Luden's) and a member of Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 429 (Teamsters) also a respondent, filed a grievance under and pursuant to an applicable collective bargaining agreement dated May 19, 1976, in effect between Luden's and its employees which, to the extent applicable here, briefly provided that in the event of lay-off or discharge followed by reinstatement of employment "seniority shall prevail at all times". (See paragraph 9 of said agreement)

Petitioner was first employed by Luden's on October 1, 1973, laid off by reason of reduction in work force, on May 28, 1976, and reinstated or rehired on September 1, 1976. He contends that his rights under the contract were violated when Luden's, on July 19, 1976, recalled one David Drexel, who had less seniority than petitioner (see Petition to Vacate Arbitrator's Award). The matter was arbitrated on August 25, 1976, the grievance "denied" and by implication, therefore, dismissed on September 6, 1976.

Petitioner thereupon filed a petition in the Court of Common Pleas of Berks County to vacate the arbitrator's award. Said action was removed to this Court by petition duly filed by Luden's on December 10, 1976, pursuant to 28 U.S.C. § 1441 and § 1446, alleging application of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). To said petition for removal, the petitioner filed an answer asking that it be denied but has filed no motion to remand the record to the state court (28 U.S.C. § 1447). Rather, he contends, by way of answer to the petition for removal, that the arbitrator erred in basing his opinion upon a wholly separate agreement between Luden's and B.C.W.I.U. Local No. 265 and concludes " * * * Thus, the Petition to Vacate Arbitrator's Award does not fall within Section 301(a), 29 U.S.C. § 185(a)." Absent a supporting memorandum of law further defining his position and contentions, we disagree. The Labor Management Relations Act, 29 U.S.C. § 185(a), clearly places jurisdiction in this Court pursuant to the removal petition, supported by bond, duly filed by Luden's.

On December 17, 1976, Luden's filed a motion for summary judgment to which petitioner filed appropriate answer on January 14, 1977. In said answer he requests that this Court:

1. Deny Luden's motion for summary judgment;

2. Grant petitioner's motion to vacate the arbitrator's award, and

3. Grant petitioner attorney's fees, costs and such other relief as the Court deems just and proper.

In seeking affirmative relief at the hands of this Court, petitioner apparently concedes jurisdiction notwithstanding his answer to the removal petition denying jurisdiction.[1]

Moreover, petitioner raises no dispute of material fact precluding summary judgment. Thus, we shall treat petitioner's answer to Luden's motion for summary judgment as a cross-motion for summary judgment, he having sought here, by way of his answer, the precise relief originally sought in the state court.

Turning to petitioner's answer, treated here as a cross-motion for summary judgment, it is apparent that he contends that the arbitrator based his decision, not upon the agreement here applicable and here involved with Teamsters Local No. 429 and the practices thereunder, but upon Luden's agreement with B.C.W.I.U. Local No. 265; that the arbitrator thus acted in an arbitrary, capricious and unreasonable manner and exceeded his authority under the agreement here applicable and its provisions regarding seniority.

■ Referring to the arbitrator's decision, it is evident that he did indeed refer to practices under the B.C.W.I.U. Local No. 265 agreement. However, this was not the sole basis for his decision. Faced with the brief and unexplained language that "seniority shall prevail at all times", he first noted, in fairness to petitioner, that petitioner's contention is indeed supported by *one* prior recall experience. He noted, however, that to enforce the practice sought by petitioner would force a "voluntary quit" upon many of those affected; would create havoc, a fact admitted by all parties; would be contrary to the original intent of the agreement as *he* construes it; would be contrary to the "prevailing practices" of the company; would be contrary to understandings and work arrangements with competitive companies; would not consti-

tute the best arrangement under the circumstances; would not create the best employee-employer relationship and would not represent the best combined judgment of those representing both employer and employee interests. Only in connection with all these many other proper and appropriate considerations, to which petitioner takes no exception, did he also consider the practices under the B.C.W.I.U. Local No. 265 agreement and the provisions thereof.

Thus, on the record before us, both parties having had ample opportunity to submit appropriate affidavits in support of or contrary to the record, we conclude that the arbitrator did not err. He considered all appropriate and relevant practices reasonably applicable to the question before him. That he *also* considered the provisions of and the practices followed under the B.C.W.I.U. Local No. 265 agreement does not establish that he erroneously based his findings and conclusions *wholly* upon such agreement and practices.

■ In reviewing the arbitrator's decision our authority is limited. We do not decide the merits. We decide whether he exceeded his authority. *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Likewise see *Medo Photo Supply Corp. v. Livingston,* 274 F.Supp. 209 (S.D.N.Y.1967), aff'd. 386 F.2d 451 (2nd Cir. 1967); *Torrington Co. v. Metal Products Workers Union Local 1645,* 362 F.2d 677 (2nd Cir. 1966). The record does not support the petitioner's contention and we shall therefore enter appropriate order granting Luden's motion for summary judgment and otherwise disposing of the issues here raised.

Not decided, because the issue is not before us, is the question whether Teamsters negligently and improperly represented petitioner at and in connection with the hearing before the arbitrator. (See paragraph 13 of Petition to Vacate Arbitrator's Award)

---

**1.** As previously stated no motion to remand to the state court has been filed.